UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JOSEPH MICHAEL YORK**                                                                 **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:08CV-P16-R**

**WARREN COUNTY COMMONWEALTH ATTORNEY'S OFFICE** *et al.*      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action because Defendants are immune from suit.

**I. SUMMARY OF CLAIMS**

Plaintiff, a convicted inmate incarcerated at the Bell County Forestry Camp, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the Warren County Commonwealth Attorney's Office and Assistant Commonwealth Attorney James Simpson. He seeks monetary and punitive damages.

Plaintiff alleges that Defendants violated his constitutional rights by using an inadmissible prior conviction as part of his grand jury proceedings to make Plaintiff believe that he could be convicted and sentenced as a persistent felony offender in an effort to obtain a more favorable plea from him. Plaintiff also alleges that Defendants failed to file the required pre-trial notice that they intended to use the prior conviction at his criminal trial. Plaintiff claims that had Defendants filed the notice, it would have been ruled inadmissible making Plaintiff ineligible for persistent felony offender status. Apparently, Plaintiff would then not have agreed to enter a plea agreement.

**II. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Warren County Commonwealth Attorney's Office

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Warren County Commonwealth Attorney's Office is not a "person" under the Act, the Court will dismiss the claims against it for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the Warren County Commonwealth Attorney's Office. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states.

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

*Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).

### B. Defendant James Simpson

#### 1. Official capacity claim for damages

The official capacity claims for damages will be dismissed on two bases. First, Defendant, as a state official and employee sued in his official capacity for damages, is absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant is not a "person" subject to suit within the meaning of § 1983 when sued in his official capacity for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official capacity claim for damages against Defendant Simpson must be dismissed.

#### 2. Individual capacity claim

A prosecutor is afforded absolute immunity from suit under § 1983 when the complained-of activity is "intimately associated with the judicial phase of the criminal process or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Just as judicial immunity attaches to all judicial acts, prosecutorial immunity attaches to protect a prosecutor with respect to his actions which clearly involved his or her role as an "advocate" for the government. *Imbler*, 424 U.S. at 431 n.33. "Conduct associated with plea bargaining is clearly not administrative or investigative but rather is so intimately associated with the prosecutor's role as an advocate of the State in the judicial

4

process, that the prosecutor is absolutely immune in his individual capacity from § 1983 liability for such actions." *Cole v. Smith,* No. 97-59640, 1999 U.S. App. LEXIS 20353 (6th Cir. Aug. 24, 1999). Because Plaintiff's claims against Defendant Simpson are predicated on his conduct in securing a plea agreement, they are barred by the doctrine of prosecutorial immunity.

For the reasons set forth above, the Court finds that Plaintiff has not asserted a cognizable cause of action under § 1983. Consistent with this Memorandum Opinion, the Court will enter a separate order of dismissal.

Date:

cc:     Plaintiff, *pro se*

4413.008